

**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

FILED
Nov 08, 2021
01:53 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

| | | |
|---|---|---|
| Gaston Jones | ) | Docket No. 2021-08-0310 |
| | ) | |
| v. | ) | State File No. 106556-2020 |
| | ) | |
| AT&T Services, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Amber E. Luttrell, Judge | ) | |

---

### Affirmed and Remanded

The employee alleged he was the victim of an attempted robbery and suffers from post-traumatic stress disorder as a result. The employer contended the employee's accounts of the event as given to various individuals, including the treating physician, were inconsistent, calling into question the employee's credibility. As a result, the employer asserted that the authorized physician's causation opinion, which necessarily relied on the employee's subjective statements, is unreliable and should not be considered. Following an expedited hearing in which the employee sought additional medical benefits and temporary disability benefits, the trial court found that, while there were discrepancies in the employee's accounts of the event, the discrepancies were insignificant or irrelevant and that the employee's testimony was credible. The court noted that the record contained only one causation opinion, and, as a result, determined the employee would likely prevail at trial in establishing entitlement to additional medical benefits and temporary disability benefits. The employer has appealed. Having carefully reviewed the record, we affirm the trial court's decision and remand the case.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

W. Troy Hart and Adam C. Brock-Dagnan, Knoxville, Tennessee, for the employer-appellant, AT&T Services, Inc.

Monica Rejaei, Memphis, Tennessee, for the employee-appellee, Gaston Jones

1

## Factual and Procedural Background

Gaston Jones ("Employee") was employed by AT&T Services, Inc. ("Employer"), as an installation technician. While completing an installation job at an apartment complex on November 18, 2020, he was allegedly the victim of an attempted robbery. While sitting in his work truck completing documentation for the installation he had just completed, a vehicle pulled in front of him, blocking his exit. Employee testified the vehicle "sat there for a minute" before he asked, "sir, can you move," and that the individual said, "you're not going nowhere [sic] today." Employee testified he had his supervisor, William Shaw, on speed dial and immediately called him, adding that "once the man heard all of that, he scooted [and] I had a little space to get out of [the] way once he moved his car a little bit." Employee testified he left, and the vehicle "chased me around the complex and followed me all the way to the police station" before it "veered off."

Upon further questioning, Employee added that he was seven or eight feet from the man in the vehicle, and that the man pointed a gun at him. Employee was unsure whether there was anyone else in the vehicle but said there was "[j]ust one person that [he] saw." Further, he testified his supervisor remained on the phone for part of the drive to the police station and that his supervisor met him at the police station where Employee completed a police report.[1]

Employee subsequently reported the incident to Employer, which Mr. Shaw corroborated, and a "Clinical Consultation Report" was created.[2] Employer initially accepted Employee's claim and sent him to an urgent care clinic the next day. Employee testified that, because he did not suffer any physical injuries, the medical care provider at that facility was unable to provide treatment and referred him for psychological evaluation. Employer provided Employee with a panel of psychiatrists from which he selected Dr. Melvin Goldin.[3]

Employee saw Dr. Goldin on January 29, 2021 via a Zoom telehealth appointment. Dr. Goldin performed a mental status examination, obtained a history of the incident from Employee as well as a general patient history, and diagnosed Employee with post-traumatic stress disorder ("PTSD"). He prescribed medication and referred Employee for

---

[1] No robbery occurred, and Employee was not physically injured. There was no testimony at trial that the alleged perpetrator demanded or requested Employee to give up any money or other items of value. Any motivation or intention of the alleged perpetrator is based on Employee's speculation. For the sake of simplicity and consistency, we will refer to the reported November 18, 2020 event as an attempted robbery.

[2] This is an internal document of Employer's and does not appear to be related to medical treatment.

[3] Employee asserts that of the three psychiatrists listed on the panel, one was deceased at the time of Employee's injury and one was no longer engaging in patient care. However, Employee indicated he was satisfied with the care he received from Dr. Goldin and did not wish to challenge the propriety of the panel. Accordingly, that issue is not before us.

psychotherapy. On March 16, 2021, Dr. Goldin indicated via email correspondence to Employer's claims adjuster that Employee was unable to work between the January 29 visit and the next scheduled visit of March 24.

On March 19, 2021, Employer denied Employee's claim, stating on the notice of denial that there was "[n]o accident or injury within the scope and course of employment." Employee filed a petition for benefits on March 22. Two days later, Employee saw Dr. Goldin in a second telehealth appointment. At that time, Dr. Goldin noted that Employee had missed an appointment with a psychotherapist and had not refilled the medication that he prescribed at the initial visit. Dr. Goldin expressed some concern about discrepancies in Employee's explanation for missing the appointment with the psychotherapist and for not refilling his medication but made no other comment about it in his report. He recommended Employee resume therapy and take his medications as prescribed.

Prior to an expedited hearing, Employer deposed Employee, and the parties took the deposition of Dr. Goldin. Dr. Goldin testified that he diagnosed Employee with PTSD, and he testified that, in his opinion and considering all causes, Employee's PTSD was "caused primarily by [the November 18, 2020] event." Further, he testified that the treatment he provided was reasonable and necessary for the evaluation and care of Employee's PTSD. On cross-examination, Dr. Goldin responded to questions regarding the process by which he reached Employee's diagnosis of PTSD. Employer challenged Dr. Goldin with respect to whether he considered certain information in determining the appropriate diagnosis, alternative diagnoses, and the possibility that Employee was malingering. Employer also pointed to discrepancies in the versions of events as related by Employee and questioned whether Dr. Goldin's opinion was affected by these inconsistencies. Dr. Goldin testified that his opinion was unchanged by the discrepancies and maintained that the events of November 18, 2020 were the primary cause of Employee's PTSD. In addition, Dr. Goldin confirmed he took Employee out of work for the period of January 29, 2020 to March 24, 2020.

Following the expedited hearing, the trial court issued an order concluding that Employee's testimony, while containing some discrepancies, was credible as to the pertinent factual issues. The court noted that some of the discrepancies were insignificant or irrelevant, such as whether Employee had already picked up traffic cones around his vehicle when the incident occurred. The court also noted that Dr. Goldin's causation opinion was the only expert opinion in the record and that, even under vigorous cross-examination, he had not wavered in his opinion that Employee's PTSD was primarily caused by the November 18, 2020 incident. The court determined that Employee presented sufficient evidence for the court to determine that he was entitled to additional medical treatment and to temporary total disability benefits in the amount of $7,271.42. Employer has appealed.

**Standard of Review**

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2020). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2020).

**Analysis**

Employer raises three issues on appeal, contending the trial judge erred in determining that: (1) Employee was credible, (2) Employer failed to rebut the statutory presumption that Dr. Goldin's causation opinion was correct, and (3) Employee sustained a compensable work-related injury. In addition, Employee contends the appeal is frivolous. For the reasons set out below, we find the issues raised by Employer to be without merit. We do not, however, find the appeal to be frivolous.

*Employee's Credibility*

Initially, we note that, at an expedited hearing, an employee need not prove every element of his or her claim by a preponderance of the evidence but, instead, must come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits consistent with Tennessee Code Annotated section 50-6-239(d)(1). *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Here, Employee was the only person who provided in-court testimony. Because the trial judge was able to observe Employee as he testified, assess his demeanor, and evaluate other indicators of credibility, the trial judge's assessment is entitled to significant deference on appeal and "will not be overturned on appeal absent clear and convincing evidence to the contrary." *Hughes v. Metro Gov't of Nashville & Davidson Cty.*, 340 S.W.3d 352, 360 (Tenn. 2011) (citing *Wells v. Bd. of Regents*, 9 S.W.3d 779, 783 (Tenn. 1999)).

4

Employer contends that Employee's "contradicting and implausible in-court testimony, coupled with material admissions and omissions to the authorized treating physician and during pre-trial discovery, preponderates against the trial court's . . . credibility determination and compels a contrary conclusion." As examples, Employer references alleged discrepancies in Employee's employment history, his discovery responses, his description of the number of individuals involved in the November 18 event,[4] whether he had picked up the traffic cones by his truck prior to the event, and other details. Because of these alleged inconsistencies, Employer contends Employee cannot meet his burden of proving he is likely to prevail at a hearing on the merits. We note, however, that Employer does not explicitly deny the occurrence of the November 18, 2020 event. Indeed, Employee telephoned his supervisor during the event, and his supervisor met him at the police station immediately after the event. Employer asserts that Employee's description of the event is illogical and unreliable, but it has offered no proof, either documentary or from in-court testimony, to rebut Employee's testimony.

From our perspective, the trial court reviewed the record, considered the information elicited by Employer on cross-examination, and found Employee's testimony to be credible. While there may be inconsistencies in the various accounts of the events given by Employee, the trial court appropriately considered the strengths and weaknesses of the relevant evidence in determining whether Employee had come forward with sufficient evidence to indicate a likelihood of prevailing at trial. Based upon our review of the record, we cannot conclude there is clear and convincing evidence that Employee's testimony forming the basis of the trial court's order was not credible.

*Dr. Goldin's Causation Opinion*

Employer asserts that, because Dr. Goldin "relied solely on Employee's unreliable self-assessment, [his] resulting medical opinions are likewise unreliable." However, as set out above, the court determined that Employee's testimony was credible, and we concluded that Employer did not establish clear and convincing evidence to the contrary. Employer vigorously cross-examined Dr. Goldin, including questioning him about the alleged discrepancies in Employee's testimony, additional testing that Dr. Goldin did not perform, the appropriateness of his diagnosis, and whether he considered alternative diagnoses or the possibility of malingering. Dr. Goldin's causation opinion remained clear and unequivocal, and he did not veer from his opinion that, considering all causes, Employee's PTSD was "caused primarily by that event," adding that the treatment he provided was reasonable and necessary for the evaluation and care of Employee's PTSD. Moreover,

---

[4] Employer points out that at times Employee indicates there was one individual while at other times he uses "they" and "them" to indicate more than one individual. It is unclear from the record whether there was more than one person or whether Employee used the plural pronouns in an inaccurate, although colloquial, manner. According to Dr. Goldin's testimony, Employee reported there was more than one occupant in the car that blocked Employee. Like the trial court, we do not find this discrepancy to be significant in the overall determination of Employee's credibility.

5

Employer did not offer any medical opinion to rebut the presumption of correctness afforded Dr. Goldin's causation opinion. *See* Tenn. Code Ann. § 50-6-102(14)(E) (2020). Accordingly, we conclude the trial court did not err in determining that Employer failed to rebut the statutory presumption that Dr. Goldin's causation opinion was correct.

*Compensability*

As its final issue, Employer asserts the trial court erred in determining Employee sustained a compensable work-related injury. As noted above, at an expedited hearing, an employee need not prove every element of his or her claim by a preponderance of the evidence but, instead, must come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits consistent with Tennessee Code Annotated section 50-6-239(d)(1). *McCord*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9. This lesser evidentiary standard "does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing, but allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015).

Here, the issue at the expedited hearing was not whether Employee sustained a compensable work-related injury; rather, as noted by the trial court, "[t]he issue [was] whether [Employee] proved he is likely to prevail at a hearing on the merits regarding his entitlement to [medical and temporary disability benefits]." The trial court did not make a finding that Employee had suffered a compensable work-related injury. Given that Employer did not offer clear and convincing evidence that the trial court's credibility determination was incorrect and offered no expert medical opinion addressing causation, we find no merit in Employer's final issue.

*Frivolous Appeal*

Finally, Employee contends that Employer's appeal is frivolous and requests to be awarded liquidated damages. A frivolous appeal is one that is "devoid of merit such that it had no reasonable chance of succeeding." *Clark v. Nashville Mach. Elevator Co.*, 129 S.W.3d 42, 50 n.4 (Tenn. 2004). Each of Employer's issues on appeal are based on its assertion that Employee's testimony is simply not credible. We note there are several anomalies in Employee's testimony. Indeed, as noted in footnote 1, no robbery occurred and there was no testimony that the alleged perpetrator made any statement to Employee demanding money or other valuables or otherwise sought to rob him. The implication from Employee's testimony is that the alleged perpetrator was aware Employee was speaking with someone on his phone and, for that reason, moved his vehicle a little, providing Employee the opportunity to escape. Nonetheless, the trial court found Employee's

testimony to be credible in all pertinent respects, and we have concluded Employer did not provide clear and convincing evidence that the trial court's credibility assessment was erroneous. We cannot, however, conclude that Employer's appeal was so devoid of merit as to have no reasonable chance of succeeding, and we, accordingly, are not persuaded that the appeal is frivolous.

### Conclusion

We affirm the trial court's order awarding medical and temporary disability benefits, and we remand the case. Costs on appeal are taxed to Employer.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Gaston Jones | ) | Docket No. 2021-08-0310 |
| | ) | |
| v. | ) | State File No. 106556-2020 |
| | ) | |
| AT&T Services, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Amber E. Luttrell, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 8th day of November, 2021.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| W. Troy Hart<br>Adam Brock-Dagnan | | | | X | wth@mijs.com<br>acbrock-dagnan@mijs.com |
| Monica Rejaei<br>Julianne Karpovich | | | | X | mrejaei@nstlaw.com<br>jkarpovich@nstlaw.com |
| Amber E. Luttrell, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |



Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov